```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :    19cv10961 (DLC)
ROBERT MILLER,                       :
                        Plaintiff,   :         ORDER
              -v-                    :
                                     :
CITYREALTY.COM, LLC and DOES 1 through :
10 inclusive,                        :
                        Defendants.  :
                                     :
------------------------------------ X
```

DENISE COTE, District Judge:

This case was filed by plaintiff's counsel Rayminh L. Ngo on November 26, 2019. On December 2, the Court noticed an initial pretrial conference ("IPTC") for February 7, 2020. The notice of IPTC included two provisions of particular relevance here. First, "**All pretrial conferences must be attended by the attorney who will serve as principal trial counsel.**" Second, the plaintiff was directed to notify all attorneys or parties in the action of the scheduled IPTC,

> BY SERVING UPON EACH OF THEM A COPY OF THIS NOTICE AND
> THE COURT'S INDIVIDUAL PRACTICES FORTHWITH, AND (ii)
> TO FILE PROOF OF SUCH NOTICE WITH THE COURT. IF YOU
> ARE UNAWARE OF THE IDENTITY OF COUNSEL FOR ANY OF THE
> PARTIES, YOU MUST FORTHWITH SEND A COPY OF THE NOTICE
> AND PRACTICES TO THAT PARTY PERSONALLY.

On January 17, Mr. Ngo filed a proposed clerk's certificate of default and moved to adjourn the February 7 IPTC. On January 21, the Court entered an Order denying the motion to adjourn. The January 21 Order also noted plaintiff's noncompliance with

the directive to serve the December 2 IPTC notice on the defendant and file proof of service. On February 6, Mr. Ngo filed an affidavit of service indicating that the IPTC notice had been served as required.

The IPTC was held on February 7. At that conference, Mr. Ngo did not appear -- instead, the conference was attended by Martin Druyan, an attorney who had not appeared in the case. Mr. Druyan represented that he would be principal trial counsel, but acknowledged that he had never spoken to the plaintiff, Robert Miller. Mr. Druyan was unfamiliar with the merits of the plaintiff's allegations; all he knew from speaking to Mr. Ngo was that the case was a "default judgment situation." Despite the fact that the plaintiff had sought a clerk's certificate of default, Mr. Druyan did not know whether plaintiff's counsel had attempted to contact the defendant LLC at the mailing address or telephone number listed on its website. The Court instructed Mr. Druyan to inform himself about the merits of the case and scheduled a follow-up conference for March 6.

On February 11, defense counsel appeared for CiryRealty.com, LLC and sought an extension of the time to file an answer. Mr. Ngo had refused to consent to the extension, on the ground that the defendant was already in default. Later

that day, Mr. Ngo filed a letter indicating that on further consideration he no longer objected to the extension. On February 12, the Court granted the requested extension but admonished Mr. Ngo that correspondence should come from Mr. Druyan, who had represented that he was principal trial counsel.

On March 3, a third attorney -- Jeanne Marie Weisneck -- entered a notice of appearance on behalf of the plaintiff. On March 4, Mr. Druyan filed a letter motion to withdraw as counsel, indicating that Mr. Ngo had directed Mr. Druyan not to appear on his behalf. Accordingly, it is hereby

ORDERED that the March 6 conference is adjourned to **March 13, 2020 at 4:00 p.m.**

IT IS FURTHER ORDERED that Mr. Ngo shall attend the March 13 conference.

IT IS FURTHER ORDERED Mr. Druyan's March 4 motion to withdraw as counsel is granted.

Dated: New York, New York
March 5, 2020

_____
DENISE COTE
United States District Judge